UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGER OF THE FAMILY FORREST,

                    Plaintiff,

          -against-

45 C.F.R.§ 75.2 IV-D CONTRACTOR STEVE BANKS;
31 U.S.C. § 6305; 42 U.S.C. § 654(3) CHILD SUPPORT
ENFORCEMENT FRANCHISE; 45 CFR § 75.2 NEW
YORK COUNTY; 45 C.F.R. § 75.2 IV-D CONTRACTOR
FAMILY COURT OF NEW YORK COUNTY; 45 C.F.R.
§ 75.2 IV-D CONTRACTOR VANESSA EVANS; 45
C.F.R. § 75.2 IV-D CONTRACTOR JOSEPH FUCITO; 45
C.F.R. 75.2 IV-D CONTRACTOR, GEORGE CAFASSO,

                    Defendants.

18-CV-10866 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, of Decatur, Georgia, brings this *pro se* action under 42 U.S.C. § 1983.[1] He sues

(1) Steven Banks, Commissioner of the New York City Department of Social Services and the

New York City Human Resources Administration, (2) "Child Support Enforcement Franchise,"

(3) New York County,[2] (4) the New York Family Court, New York County, (4) Vanessa Evans,

a Support Magistrate of the New York Family Court, New York County, (5) Joseph Fucito, the

Sheriff of the City of New York, and (6) George Cafasso, the current or former First Deputy

Clerk of the New York Family Court, New York County. For the reasons discussed below, the

Court dismisses this action.

---

    [1] Plaintiff has paid the relevant fees to bring this action.

    [2] The Court understands Plaintiff's claims against New York County to be brought
against the City of New York.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff's complaint is difficult to understand. Plaintiff asserts that in enforcing Title IV-D of the Social Security Act ("Title IV-D"), defendants have forced him to enter into a contract in which he must pay the defendants the child support that he owes. He alleges that Title IV-D

> contracts create[] a mutually binding, legal relationship obligating [the New York City Department of Social Services], Family Court, Clerk of Court, Sheriff, Prosecutor, Law Enforcement Officials, Treasurer's Office, and other government entities to offer and sell [Title] IV-D services in order to create [Title] IV-D cases and perform other services of the [United States Department of Health & Human Service's ("HHS") Office of Child Support Enforcement].

(ECF 1, p. 2.) He alleges that the defendants, in enforcing Title IV-D, "fraudulently induced him to become a customer of their private for profit business against his will . . . ." (*Id.* p. 1.) He requests that the Court "terminate the private for profit contractual non-judicial IV-D Collections Case #NS71649U1 effective immediately to end the deprivation of his rights privileges and immunities and uphold his right to provide for his offspring in private." (*Id.* pp. 17-18.) He also seeks damages and fees. (*Id.* pp. 18.) In addition, he asks that the Court order the removal of "any and all negative reporting to all credit bureau[s] affecting his private person and

professional credit reputation." (*Id.*) And he seeks a letter of apology from each of the defendants. (*Id.* p. 19.)

Plaintiff alleges that the defendants, in a "manner in which involuntary financial servitude developed upon [him][] by [the defendants'] application of" Title IV-D, placed liens on his property in an effort to collect the child support that he owes. (*Id.* p. 11.) He asserts that "[s]tate postdeprivation remedies are not available," and that the defendants deprived him of due process by not providing him with a hearing before depriving him of his property. (*Id.* pp. 5, 8.) Plaintiff seems to challenge the legal basis upon which the defendants can collect the child support that he owes. (*See id.* pp. 6-7.) And he asserts that the State of New York has waived its immunity from suit under the Eleventh Amendment with regard to suits brought against it about its duties under Title IV-D. (*See id.* pp. 7-8.)

## DISCUSSION

### A.    Domestic relations exception

The domestic relations exception to federal jurisdiction bars this Court from considering any of Plaintiff's claims in which Plaintiff seeks to nullify any determination of the New York Family Court, New York County, with regard to the assessment and collection of child support that Plaintiff owes. In *Ankenbrandt v. Richards*, the United States Supreme Court reaffirmed the continued validity of the domestic relations exception, stating that this exception divests federal courts of jurisdiction "to issue divorce, alimony and child custody decrees." 504 U.S. 689, 703 (1992); *see also Am. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts generally decline jurisdiction when they are "asked to grant a divorce or annulment, determine support payments, or award custody of a child") (internal quotation marks and citation omitted).

While this exception arose from an interpretation of the federal diversity statute, courts "routinely apply the exception to cases brought under the federal courts' federal question

jurisdiction." *Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *2 (E.D.N.Y. Nov. 7, 2014), *aff'd on other grounds*, 645 F. App'x 103 (2d Cir. 2016) (summary order); *see also Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. Mar. 8, 1996) (unpublished decision) ("District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings."); *Block*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").

Moreover, district courts within this Circuit have specifically applied the domestic relations exception to challenges to the child support decisions of New York Family Court Support Magistrates and Judges. *See, e.g., Wahmann v. Kaur*, No. 15-CV-4326, 2015 WL 6680220, at *3 (E.D.N.Y. Nov. 2, 2015) ("Here, Plaintiff challenges orders entered by a Family Court Support Magistrate and a Family Court Judge modifying his child support obligations and he also challenges the [New York State and Local Retirement System's] deduction of $3675 from his pension which is related to his child support obligations. The Court cannot review Plaintiff's claims as they are a matter of state domestic relations law.") (citation omitted); *Fernandez*, 2014 WL 5823116, at *2-3; *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353-54 (E.D.N.Y. 2014); *see also Donohue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (affirming district court's "conclusion that it lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of . . . child support payments"); *cf. Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (appellant "does not ask us to issue a new child support decree in this case. Instead, we are tasked only with determining the lawfulness of [a bank's and two child support enforcement agencies'] actions, pursuant to a state court's child

support order, requiring [appellant] to pay portions of his [Social Security Income] benefits toward his child support arrearage. The domestic relations exception, therefore, does not bar our jurisdiction to decide this issue.").

Plaintiff asks this Court to "terminate" a collection proceeding brought against him in what appears to be the New York Family Court, New York County, in which Plaintiff has been ordered to pay child support. Under the domestic relations exception, this Court lacks subject matter jurisdiction to do that. The Court therefore dismisses, under the domestic relations exception, Plaintiff's claims in which Plaintiff seeks to nullify a determination of the New York Family Court, New York County, with regard to the assessment and collection of child support that Plaintiff owes. *See* Fed. R. Civ. P. 12(h)(3).

**B.     New York Family Court, New York County**

Plaintiff's claims under 42 U.S.C. § 1983 against the New York Family Court, New York County, are also barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived

its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Chris H. v. New York*, No. 1:16-CV-6807, 2017 WL 2880848, at *7 (S.D.N.Y. July 5, 2017) ("[T]o the extent that Plaintiff suggests that the State's receipt of [federal] Title IV-D funds resulted in a general waiver of immunity that entitles him to sue the State and state officials, the argument is incorrect. Title IV-D of the Social Security Act, which funds agencies tasked with collecting child support payments, does not condition receipt of funds on a waiver of sovereign immunity nor does it prohibit discrimination by recipients of such funds."), *aff'd*, 764 F. App'x 53 (2d Cir. 2019) (summary order).

Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Deem v. DiMella-Deem*, No. 7:18-CV-11889, 2019 WL 1958107, at *10 n.6 (S.D.N.Y. May 2, 2019) ("Any claims against the Family Court would thus be barred by the Eleventh Amendment."). The Court therefore additionally dismisses Plaintiff's § 1983 claims against the New York Family Court, New York County – a New York State court – under the doctrine of Eleventh Amendment immunity and because those claims are frivolous.[3] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

---

[3] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

## C.    Vanessa Evans and George Cafasso

Plaintiff's claims under 42 U.S.C. § 1983 against Vanessa Evans and George Cafasso – a New York Family Court Support Magistrate and a current or former New York Family Court First Deputy Clerk – are also barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (§ 1983). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates, like Evans. *See Herbert v. Cattaraugus Cnty.*, No. 17-CV-248S, 2017 WL 5300009, at *5-6 (W.D.N.Y. Nov. 13, 2017); *Cruz v. New York*, No. 5:17-CV-0510, 2017 WL 6021838, at *17-18 (N.D.N.Y. Oct. 27, 2017), *report & recommendation adopted*, 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017); *Chris H.*, 2017 WL 2880848, at *7;

*Corrado v. N.Y. Office of Temporary & Disability Assistance*, No. 15-CV-7316, 2016 WL

3181128, at *4-5 (E.D.N.Y. June 2, 2016).

Courts have also extended this immunity to court clerks, like Cafasso, and "others who

perform functions closely associated with the judicial process" when they are performing

discretionary acts of a judicial nature which are essential to the judicial process. *See Cleavinger*

*v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)

(extending judicial immunity to state-court clerks who were ordered by judges not to provide a

litigant with documents and not to expand the record on appeal); *Fariello v. Campbell*, 860 F.

Supp. 54, 67-69 (E.D.N.Y. 1994) (applying to judicial immunity to § 1983 claims against a New

York Family Court clerk arising out of the performance of one of his or her duties).

Plaintiff seems to assert claims arising from the efforts of Evans, a New York Family

Court Support Magistrate, to assess and collect child support that Plaintiff owes pursuant to a

Family Court order, and the efforts of Cafasso to assist the Family Court in enforcing that order

against Plaintiff. These defendants are therefore immune from suit under the doctrine of judicial

immunity. Accordingly, the Court dismisses Plaintiff's §1983 claims against these defendants

under the doctrine of judicial immunity and because these claims are frivolous. *See Montero*, 171

F.3d at 760.[4]

---

[4] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive and declaratory relief against Evans and Cafasso. This is so because Plaintiff can seek review, by a Family Court Judge, of a Support Magistrate's rulings, and if unsuccessful, appeal a Family Court Judge's decision in the state appellate courts. *See* N.Y. Family Court Act §§ 439(e), 1112; *see generally, Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018). Federal district courts do not supervise the state courts.

**D. Defendants' enforcement of Title IV-D**

The Court also construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 arising from the defendants' allegedly incorrect enforcement of Title IV-D. Title IV-D underwrites States' child-support efforts and requires States "to establish a comprehensive system to establish paternity, locate absent parents, and help families obtain support orders." *Blessing v. Freestone*, 520 U.S. 329, 333-34 (1997).

The United States Supreme Court has made clear, however, that "Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D." *Blessing*, 520 U.S. at 333. "Title IV-D contains no private remedy – either judicial or administrative – through which aggrieved persons can seek redress. The only way that Title IV-D assures that States live up to their child support plans is through the [HHS] Secretary's oversight." *Id.* at 348; *see also Simmons v. N.Y.S. Dep't of Soc. Servs.*, No. 1:19-CV-3633, 2019 WL 1988673, at *3 (S.D.N.Y. May 3, 2019) ("Because there is no private right of action for an individual to bring any claim based on an alleged failure to comply with Title IV-D, the Court dismisses Plaintiff's claim invoking Title IV-D of the Social Security Act."). Thus, because Plaintiff does not have a private right of action to sue the defendants for the incorrect enforcement of Title IV-D, the Court dismisses these claims as frivolous.

**E. Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for lack of subject matter jurisdiction and as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   August 30, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge